**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

DAVID WARREN,

      Plaintiff,

v.

FIDELITY NATIONAL TITLE COMPANY

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff David Warren, through his attorneys, Diane S. King and Marianna McLean of King Employment Law, for his Complaint and Jury Demand against Defendant Fidelity National Title (Fidelity), alleges as follows:

### INTRODUCTION

Mr. Warren enjoyed a successful career at Fidelity National Title Co. ("Fidelity") and its predecessor Land America for twenty-eight years, until Mr. Warren fell victim to age discrimination in mid-2022, which resulted in his termination on September 21, 2023.

For decades, Mr. Warren showed strong performance, including as a Vice President and Regional Manager. However, when President Sharon Dixon had to terminate two Regional Managers out of eight total, she terminated the two oldest, highly compensated older men: (1) Mr. Warren, fifty-seven-year-old veteran of twenty-eight years, and (2) Michael Podoyak, a sixty-year-old recent hire (since March 1,

2023). Fidelity recruited Podolyak from a competitor, where he had worked for more than twelve years. Dixon's reasons for selecting Mr. Warren for termination are pretextual and demonstrably false.

Mr. Warren's termination was part of upper management's pattern perpetuated to oust experienced, highly compensated, older managers and replace them with younger management teams. The employees who did not quit after attempts to push them out were terminated. As explained below, this is exactly what happened to Mr. Warren.

Fidelity's treatment of Mr. Warren, up to and including his termination, violates the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and Colorado Anti-Discrimination Act, § 24-34-402(1)(a), C.R.S. §§ 24-34-401, et seq. ("CADA").

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States of America, including Article III, Section 1 of the United States Constitution. This Court has Jurisdiction pursuant to 28 U.S.C. §§ 451, 1331 & 1343, and 42 U.S.C. § 1988, as amended by the Civil Rights Attorney Fee Award Act of 1976, and 28 U.S.Code § 1367.

2. Plaintiff brings this action pursuant to Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et. seq., and the Colorado Anti-Discrimination Act ("CADA"), C.R.S. §§ 24-34-401, et seq.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all events giving rise to the claims asserted herein occurred in the District of Colorado of the United States of America.

4. Plaintiff has met all procedural prerequisites for filing this suit by timely filing a Charge of Discrimination alleging age discrimination against Fidelity with the Colorado Civil Rights Division ("CCRD").

5. The CCRD granted Mr. Warren a right to sue on October 8, 2024.

6. Mr. Warren has filed this Complaint within ninety days of receiving a Notice of Right to Sue from the CCRD.

## PARTIES

7. Plaintiff Dave Warren is a man over the age of fifty, who currently is, and at all times relevant to this action has been, a citizen of the United States of America and a resident of the State of Colorado.

8. Defendant Fidelity is located in Conifer, Jefferson County, Colorado.

9. At all times relevant to this action, Fidelity employed at least 20 employees.

## FACTUAL ALLEGATIONS

**A. Mr. Warren Enjoys a Long and Successful Career with Fidelity and Land America.**

10. From 1995 on, Mr. Warren enjoyed a successful career at Fidelity and its predecessor, garnering overwhelmingly positive reviews and results.

11. Mr. Warren rose through the ranks from Title Officer, Assistant Production Manager, Production Manager, to his final position of Vice President and Regional Manager.

12. Throughout his career, Mr. Warren and the groups he supervised were among the top producers nationally.

3

**B. Upon Mr. Warren's Promotion to Vice President, a Fidelity Executive Told Mr. Warren that the Company Wanted a "Younger Management Team."**

13.     In May of 2015, Colorado President John Longo promoted Mr. Warren to Vice President and Regional Manager overseeing Conifer, Fairplay, and Bailey Fidelity offices in Colorado.

14.     Upon his promotion, Mr. Warren was approximately forty-eight-years-old, replacing a retiring sixty-nine-year-old woman.

15.     Sam Williams, former Operations Manager, informed Mr. Warren that the company wanted a "younger management team."

**C. As Regional Manager, Mr. Warren Rights the Ship of Troubled Fidelity Offices.**

16.     As a Regional Manager, Mr. Warren was the "fixer" for troubled offices like Conifer, Fairplay, and Bailey.

17.     Once those offices started performing well, Fidelity continually added more areas to Mr. Warren's territory, including Pueblo, Woodland Park, and Cañon City.

18.     In each of those areas, Mr. Warren grew the company's market share and increased profitability.

**D. Mr. Warren's Regions Flourished During COVID with Little Intervention by Upper Management.**

19.     During the COVID-19 pandemic, Mr. Warren managed his five regions with little contact from Colorado President John Longo and Vice President of Sales Lambros Gianos.

20.     While business was booming throughout the country, Mr. Warren's results

4

were exceptional, making his regions some of the top performers in the state.

### E. Beginning in Mid-2019, Upper Management Starts Implementing its Plan for a Younger Management Team by Trying to Force Mr. Warren's Resignation.

21. Mr. Warren began noticing a change in upper management's attitude in mid-2022, when Longo and Gianos began changing Mr. Warren's territory without consulting with him.

22. This behavior was highly unusual: in the past, Longo and Gianos deferred to Mr. Warren's territorial and staffing decisions.

23. In mid-2019, without explanation, Longo removed the Woodland Park office from Mr. Warren's purview.

24. When asked for a recommendation to lead the Woodland Park office, Mr. Warren nominated Brooke Yolatz, the much younger worker he had been training for several years.

25. Ignoring Mr. Warren's recommendation, Longo selected Tara Graham, informing Mr. Warren after the fact.

26. In June 2022, Gianos notified Mr. Warren that the company was (1) removing the Pueblo office from his purview; (2) promoting Yolatz to Region Manager – the same position as Mr. Warren's; and (3) assigning the Pueblo office to her.

27. Despite Mr. Warren's respect for Yolatz, he was concerned that he was not consulted, or even notified, until after the above changes were finalized.

28. When Mr. Warren expressed his concern to Gianos, he responded that the company was concerned about losing Yolatz to a competitor.

29.    Shortly thereafter, Mr. Warren was notified that Longo and Gianos were retiring and that, without posting the open positions:

- Sharon Dixon was filling the position of President of Fidelity National Title Co., Colorado, and

- Todd Gilchrist was (1) the new Executive Vice President and State Sales Manager and (2) successor to the President position when Dixon retired.

30.    Fidelity failed to post the open positions in violation of Colorado law. C.R.S. § 8-5-101 *et seq*.

31.    While Dixon is older than Mr. Warren, she planned to retire in a few years, thus making Gilchrist, who is in his forties, President.

32.    At that time, Mr. Warren was fifty-five years old.

33.    As Fidelity had previously posted open positions and knew Colorado posting requirements, its failure to post the open positions told Mr. Warren that Fidelity's upper management wanted Gilchrist, a younger individual, as Sales Manager and then President.

34.    Despite his disappointment, Mr. Warren called Dixon to congratulate her and offered to help in whatever way possible.

### F.  With the Younger President Heir-Apparent Gilchrist in place, the New Upper Management Questions Mr. Warren about His Retirement Plans.

35.    In a Spring 2023 meeting among Mr. Warren, Dixon, and Gilchrist, Dixon began fishing for Mr. Warren's retirement plans: Dixon did not ask Mr. Warren about his

plans for his regions, instead asking him about his own future plans.

36.    Mr. Warren responded that he wanted to work at least another ten years before retiring, that he felt under-utilized in his current position, and that he would consider other positions within the company.

37.    Dixon then asked Mr. Warren if he "left for another position, would it make sense to put Yolatz in charge of the Cañon City office?"

38.    Although Mr. Warren did not realize it at the time, he inadvertently assisted Dixon with the company's decision regarding which younger worker should replace him.

39.    Although Dixon promised Mr. Warren to search for open positions in underwriting for him, Mr. Warren never heard back from her.

### G. Dixon Terminates the Two Oldest Regional Managers Under Her Supervision.

1. <u>Dixon terminates fifty-six-year-old Mr. Warren on September 21, 2023.</u>

40.    On September 21, 2023, Dixon invited Mr. Warren for a meeting, in which she informed Mr. Warren that it was his last day with the company.

41.    Dixon told Mr. Warren that

- her boss Don Dubois had been telling her since January that her management team was too big for the current conditions and

- although she had tried resisting him, she could no longer do so.

2. <u>Dixon terminates sixty-year-old Michael Podoyak.</u>

42.    Dixon hired the fifty-nine-year-old Michael Podoyak as a Regional VP for Colorado Springs just six months prior, on March 1, 2023.

43.    Fidelity recruited him from a competitor, Empire, where he had worked for

7

more than twelve years.

44.    Podoyak understood that he would replace Tara Graham in about eighteen months, upon Graham's October 2024 retirement.

45.    A couple days before Dixon terminated Mr. Warren, she delivered the same message to Podoyak.

46.    Dixon falsely told Podoyak that Fidelity was eliminating an expensive layer of management.

47.    However, the Regional Vice President position has not been eliminated – only the two oldest employees in that position have been terminated.

48.    Fidelity kept the remaining six younger Regional Vice Presidents.

## FIRST CLAIM
### (Age Discrimination under the ADEA and CADA)

49.    Plaintiff incorporates by reference all the preceding and following allegations.

50.    Plaintiff is an older man (57) and therefore belongs to a protected class.

51.    Defendant discriminated against Mr. Warren as follows:

- Made decisions about his territory without consulting him;

- Reduced the territory in his purview and appointed younger employees to oversee those offices;

- Denied him the opportunity to apply for promotions by failing to post those opportunities, ensuring the presidency ultimately goes to a younger man , and

- Terminated him and another older colleague, while leaving his younger

8

counterparts employed in the same position.

52.    Defendant failed to take reasonable steps to prevent age discrimination.

53.    Defendant terminated Mr. Warren because of his older age.

54.    Defendant engaged in unlawful employment practices with malice or reckless indifference to Plaintiff's protected civil rights.

55.    Defendant's unlawful actions directly and proximately caused Plaintiff's economic and emotional distress damages.

WHEREFORE, Mr. Warren respectfully requests that this Court enter judgment in his favor on his claims and award him the following relief:

a.  Compensatory damages, including, but no limited to, those for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses;
b.  Actual economic damages and consequential damages arising out of Defendants' conduct;
c.  Declaratory relief and other appropriate equitable relief;
d.  Pre-judgment and post-judgment interest at the highest lawful rate;
e.  Reasonable attorney's fees and costs, including expert witness costs, as otherwise allowed by law;
f.  Any and all relief as allowed by law or as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 6th day of January 2025.

King Employment Law

*/s/ Diane S. King*
Diane S. King
Marianna McLean
1670 York Street
Denver, Colorado 80206
Telephone: (303) 298-9878
king@kingemploymentlaw.com
mclean@kingemploymentlaw.com